771 P.2d 533

**Pauline H. HINMAN,
Plaintiff–Respondent,**

**v.**

**MORRISON–KNUDSEN COMPANY,
INC., and E.R. Burge,
Defendants–Appellants.**

**Nos. 17325, 17461.**

Supreme Court of Idaho.

March 31, 1989.

Moffatt, Thomas, Barrett, Rock & Fields, Boise, Idaho, for defendants-appellants. Richard C. Fields argued.

Skinner, Fawcett & Mauk, Boise, Idaho, for plaintiff-respondent. W. Craig James argued.

SHEPARD, Chief Justice.

The principal issue presented in this appeal is whether the trial court erred in granting plaintiff's motion for a new trial after four separate special jury verdicts had been returned in favor of the defendants. Also, error is asserted in the trial court's denial of defendant-appellant Burge's motion for attorney fees. We affirm the decision of the trial court as to both issues.

Plaintiff-respondent Hinman was employed by Morrison–Knudsen from January 1974 until her termination in January of 1986. Thereafter Hinman filed this action asserting 1) that she had been discriminated against in her employment because of her age; 2) that she had been discriminated against in her employment because of her gender; 3) that her involuntary separation from her employment had been in breach of an implied contract of employment; and 4) that her immediate supervisor (Burge) had tortiously interfered with her contract of employment. Following trial the jury returned four separate special verdicts in favor of defendant Morrison–Knudsen Co., Inc. and defendant Burge.

Thereafter, Hinman filed a motion for judgment notwithstanding the verdict, or in the alternative a new trial. Therein Hinman asserted pursuant to I.R.C.P. 59(a)(6), that the evidence presented at trial was insufficient to support the jury's verdict. Hinman further asserted that communications between the jury and the bailiff during the course of jury deliberations were irregularities sufficient to require a new trial pursuant to I.R.C.P. 59(a)(1).

The trial court granted Hinman's motion for a new trial on the sex discrimination, age discrimination and breach of contract claims. As to Hinman's claim that Burge had tortiously interfered with her contract of employment, the trial court denied Hinman's motion for judgment notwithstanding the verdict, or in the alternative a new trial. Thereafter, judgment was entered in favor of Burge. No cross-appeal is taken from the action of the trial court in favor of Burge. Thereafter, Burge petitioned for costs and attorney fees. The trial court denied Burge's petition for attorney fees, but deferred the question of costs to Burge pending the resolution of the entire litigation.

Herein the trial court based its decision to grant a new trial on two grounds, *i.e.*, I.R.C.P. 59(a)(6) and *Blaine v. Byers*, 91 Idaho 665, 429 P.2d 397 (1967), and secondly, I.R.C.P. 59(a)(1) under which a trial judge may grant a new trial by reason of "[i]rregularity in the proceedings of the court, jury or adverse party ..."

As stated in *Blaine v. Byers*, 91 Idaho at 671, 429 P.2d 397, I.R.C.P. 59(a)(6) permits a new trial when the trial court

...is satisfied the verdict is not supported by, or is contrary to, the evidence, *or* is convinced the verdict is not in accord with the clear weight of the evidence and that the ends of justice would be subserved by vacating it, or when the verdict is not in accord with either law or justice. (Emphasis added.)

This Court has held that a trial court has broad discretion as to a motion for a new trial, and that discretion will be upheld unless the trial court has manifestly abused its discretion. *Quick v. Crane*, 111 Idaho 759, 727 P.2d 1187 (1986); *Tibbs v. City of Sandpoint*, 100 Idaho 667, 603 P.2d 1001 (1979); *Seppi v. Betty*, 99 Idaho 186, 579 P.2d 683 (1978).

■ Here, in ruling upon the motion for the new trial, the trial court stated:

I'm instructed to weigh the evidence, assess the credibility of the witnesses, and make final findings of fact. I need not view the evidence most favorably towards the defendant; rather I'm instructed to make my own independent determination, and based upon my own determination, decide whether a new trial is warranted. First, I'm to determine whether the verdict was against the weight of the evidence, and if the interest of justice would be best served by vacating it. As is clear from *Quick v. Crane*, and *Robertson v. Richards* [S.Ct. # 16043, Slip Op. # 9, 1–31–89 (10–27–87 petition for rehrg. granted on other grounds on 12–23–87) ] this analysis is to

be based on my determination of the weight of the evidence that is to control. In the second prong, I'm to consider whether a different result would follow in a retrial.

In considering the first element, and in considering all of the evidence produced at trial, I'm left with the disturbing and unexplained set of facts that is not reconciled by the defendants. The plaintiff enjoyed a high position in M–K's management. The qualifications for, and the necessity of, her level of management is necessarily and appropriately subjective. Broad discretion and wide latitude is, and ought to be, extended to management in these areas. As such, it is exceedingly difficult to ascribe to the criteria those elements which, harsh though they may be, are permissively within management discretion from those elements which are proscribed by law as relating to impermissible considerations of age or gender. Nevertheless, the call must be made. While I'm mindful of the strictures placed upon me to represent [respect] the collective wisdom of the jury, and the function entrusted to it, I'm also mindful of the clear mandate from our supreme court. The principle is set forth in the United States Supreme Court decision of U.S. v. U.S. Gypsum Co., 333 U.S. 364 decided in 1948 and cited as controlling by our supreme court in Quick v. Crane and Robertson v. Richards.

The principle from the United States Supreme Court is summarized as "if, having given full respect to the jury's findings, the judge on the entire evidence is left with a definite and firm conviction that a mistake has been committed, it is to be expected that he will grant a new trial." Based upon my evaluation of the evidence, and the analysis set forth above, I am so convinced.

We hold that the trial court more than adequately set forth the basis of his ruling granting the motion for a new trial, and hold that the record provides no basis for a conclusion that the trial court "manifestly abused" his discretion.

In view of our above holding, discussion may not be necessary of the alleged improper conduct of the bailiff during jury deliberations. Nevertheless, the trial court held that the conduct of the bailiff provided an alternative basis for granting the motion for a new trial, and hence, for the future guidance of our trial courts, we consider that issue.

██ Following trial it was discovered that on at least two occasions during the jury deliberations the bailiff, without any authority from the trial court, denied jury requests for certain materials. Those requests concerned certain deposition transcripts which had been referred to during the trial, and an enlargement of an administrative bulletin which formed the basis of Hinman's contract claim. As to those jury requests, and the reasons therefore, the affidavit of the jury foreman states:

We, as a jury, were finding it difficult to discuss the contractual implications of exhibit 8A, a five-page document, among ourselves with only a single 8½ × 11 inch copy available. Consequently, I specifically requested of the bailiff that we be provided with exhibit 8B for the purpose of our deliberations. Several members of the jury had suggested that I make this request so that we could all review the enlarged version of exhibit 8A together, in detail, during our deliberations regarding the implications of that document.

I was specifically advised by the bailiff, in response to our request that exhibit 8B may be made available, that we could not have that enlargement of exhibit 8A with us during deliberations.

As a result of both the bailiff's prior response regarding depositions published for impeachment purposes and his response regarding my request for exhibit 8B, I did not send a note to the judge asking that exhibit 8B be made available to assist in our deliberations regarding the plaintiff's claims.

Our purpose in requesting the deposition transcripts published during trial was to supplement the very brief notes which some jurors had taken in the belief

that such transcripts would be available during deliberations. Had we known that we could have requested that trial testimony be provided to us, we would have requested such testimony to confirm and or supplement inadvertently brief notes taken during the course of this two week trial.

Our purpose in requesting that we be provided exhibit 8B was to ensure that all twelve jurors had the specific language of exhibit 8 which was then being discussed before them in the course of the discussions of each of the relevant sections of that document.

In his ruling upon the motion for new trial, the trial judge stated that had he been aware of the request he would have permitted the jury to have the enlarged copy of the administrative bulletin, and possibly, after consultation with counsel, he may have permitted portions of the trial transcript to be read to the jury, or if so stipulated to by counsel he may have allowed the deposition transcripts to be read by the jury. The trial court held that the actions of the bailiff, given the complexity of the issues in the case, were sufficiently prejudicial to warrant a new trial. At this point, and on this record, we are unable to disagree with the trial court, and cannot hold that plaintiff was *not* prejudiced by the misconduct of the bailiff.

*Rueth v. State*, 100 Idaho 203, 209, 596 P.2d 75, 81 (1978) articulates a process to determine whether such misconduct was prejudicial to the jury's deliberative process, i.e.,

1. It is for the losing party, in the first instance, to show that there was some communication off the record and not in open court.

2. The burden then shifts to the winning party to show what the communication was. If he cannot show what it was, the verdict must be set aside.

3. If he can show what the communication was but it appears to have been of such character that it may have affected the jury, then the verdict must be set aside.

4. Only if it is made clearly to appear that the communication *could not have any effect* can the verdict be allowed to stand.

In the instant case the conduct of the bailiff is not disputed, and consequently the first two steps of the *Rueth* analysis are not at issue. Step three of the *Rueth* analysis is not clearly applicable in the present situation since it is not communication as such, but rather conduct, which caused a lack of communication. Step four of the *Rueth* analysis indicates that the prevailing party is required to show that the conduct of the bailiff "could not have had any effect" on the jury. *See State v. Randolph*, 102 Idaho 153, 627 P.2d 782 (1981). We affirm the decision of the trial court in granting a new trial on the alternative basis of "irregularity in the proceedings of the court jury or adverse party," since there exists reasonable doubt as to whether the actions of the bailiff could have had an effect on the jury.

■ In his ruling upon the motion for a new trial, the trial court denied the motion as against defendant Burge, and hence as to Burge the verdict in his favor was upheld. In the absence of any objection a Rule 54 certification was granted, and such a certificate was entered. As noted herein, judgment was entered in favor of Burge, but the trial court denied Burge's petition for costs and attorney fees. The trial court reasoned that since all the costs and attorney fees in the litigation were paid by defendant Morrison–Knudsen, and since neither Morrison–Knudsen nor Burge segregated the costs and attorney fees as between those two parties, attorney fees as to Burge would be denied, and the question of costs as to Burge should be deferred until the resolution of the entire litigation. I.R.C.P. 54(d)(1)(B) provides:

In determining which party to an action is a prevailing party and entitled to costs, the trial court shall in its sound discretion consider the final judgment or result of the action in relation to the relief sought by the respective parties, whether there were multiple claims, multiple issues, counterclaims, third party claims,

cross-claims, or other multiple or cross issues between the parties, and the extent to which each party prevailed in part, and upon so finding may apportion the costs between and among the parties in a fair and equitable manner after considering all of the issues and claims involved in the action and the resultant judgment or judgments obtained.

We find no error in the trial court's ruling relating to Burge's claim for costs and attorney fees.

The orders of the trial court are affirmed; costs to respondent Hinman.

BAKES, BISTLINE, HUNTLEY and JOHNSON, JJ. concur.